### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**DARRELL SCHEXNAYDER**                   **CIVIL ACTION NO. 2:17-cv-938**

**VERSUS**                                **JUDGE PATRICIA MINALDI**

**LOUISIANA CARPENTERS**                  **MAGISTRATE JUDGE**
**PENSION FUND**                          **KATHLEEN KAY**

#### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Darrell Schexnayder, who respectfully avers as follows:

#### NATURE OF THE ACTION

This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and Louisiana contract law, to provide appropriate relief to Plaintiff, Darrell Schexnayder. Plaintiff worked as a carpenter for Sonny Bellon Building Specialties, Inc. (a member of the Western Louisiana Carpenters Pension Trust, which is now merged into the Defendant Louisiana Carpenters Pension Fund), for 25 years, retiring from carpentry in December 2012. Plaintiff then began working in inside sales for Sonny Bellon Building Specialties, Inc., in January 2013. In spite of being fully vested for early retirement pension benefits with Defendant, and in spite of having been repeatedly approached to apply for same directly via his work email starting in December 2015 by Defendant, his application was completely denied because he remained employed with Sonny Bellon Building Specialties, Inc. Plaintiff appealed that denial to the Defendant's Board of Trustees, and received a decision from the Defendant's Board of Trustees on March 23, 2017. The Defendant's decision found that while

1

Plaintiff is otherwise fully eligible for early retirement pension benefits (i.e., granting his appeal), the pension was suspended because in the Defendant's opinion, Plaintiff's employment with Sonny Bellon Building Specialties, Inc. constitutes "Disqualifying Employment" under Defendant's Plan. Defendant advised that its decision was final. Plaintiff's earned early retirement pension benefits remain suspended.

Plaintiff disputes Defendant's final decision and asserts that his position in inside sales -- which is not carpentry and thus not in his prior trade or craft, and not a union position -- is not "Disqualifying Employment" as defined in the applicable "Summary Plan Description" or pertinent ERISA statute. Plaintiff thus initiates this Complaint regarding the Defendant's final decision suspending his early retirement pension benefits and asserts that this deprivation constitutes both a breach of ERISA and a breach of contract under Louisiana law.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132.

2.

Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because the breach of ERISA of which Plaintiff complains occurred in Calcasieu Parish, Louisiana.

## PARTIES

3.

Plaintiff Darrell Schexnayder is an individual residing in Calcasieu Parish, Louisiana.

4.

Defendant Louisiana Carpenters Pension Fund is a non-profit pension fund whose headquarters are located in East Baton Rouge, Louisiana, at 8875 Greenwell Springs Rd., Baton

Rouge, LA 70814, and administers pension funds of which Plaintiff was a member. Pursuant to 29 U.S.C. § 1132(d)(1), Defendant Louisiana Carpenters Pension Fund may be sued as an entity.

5.

Defendant Louisiana Carpenters Pension Fund is active in Calcasieu Parish and administers pension contributions and benefits in Louisiana.

## STATEMENT OF CLAIMS

6.

Plaintiff worked as a carpenter for Sonny Bellon Building Specialties, Inc. (a member of the Western Louisiana Carpenters Pension Trust, which was merged into the Defendant Louisiana Carpenters Pension Fund in December 2016), for 25 years, retiring from carpentry in December 2012.

7.

Plaintiff became fully vested in his pension with the Western Louisiana Carpenters Pension Trust with 25.000 Credits vested plus 3.25 Bonus Credits (total 28.25 Credits), thus becoming eligible for early retirement benefits upon reaching the age of 55.

8.

Plaintiff did not reach the age of 55 until December 26, 2015. In the interim, following his retirement from carpentry in December 2012, Plaintiff began working in inside sales with Sonny Bellon Building Specialties, Inc., in January 2013.

9.

Just before Plaintiff turned 55, he received a letter **via email at his work email address with Sonny Bellon Building Specialities, Inc.,** from the Western Louisiana Carpenters Pension Trust dated December 14, 2015, advising that "[i]t appears you may be eligible for a Pension

with this Fund," and enclosing an application for benefits. That same date, **the Plan's administrator also emailed Plaintiff at his work email address**, identifying information needed to complete the application for benefits and advising when first payments would be made based upon the date of receipt of the application. A copy of the letter and email are attached hereto and incorporated herein *in globo* as Exhibit "A".

10.

Plaintiff received two subsequent letters **at his work email address** from the Western Louisiana Carpenters Pension Trust, one dated February 25, 2016, and another dated April 11, 2016, reiterating eligibility for pension benefits. A copy of each letter is attached hereto and incorporated herein *in globo* as Exhibit "B".

11.

Plaintiff then completed an application for his early retirement pension and mailed it to the Western Louisiana Carpenters Pension Trust on June 28, 2016.

12.

After having received no response, Plaintiff called the Western Louisiana Carpenters Pension Trust on September 13, 2016, and was advised that the application had not been received. (Contrary to this, the final decision letter referenced below and attached hereto as Exhibit "E" identifies that the Western Louisiana Carpenters Pension Trust received Plaintiff's application on June 30, 2016.) Plaintiff then sent the application to the Western Louisiana Carpenters Pension Trust by facsimile that same date, i.e. on September 13, 2016.

13.

Three days later, on September 16, 2016, the Western Louisiana Carpenters Pension Trust issued a one-page denial letter to Plaintiff, denying benefits because he was still working at

Sonny Bellon Building Specialties, Inc. The denial letter cited Section 9.04 of the actual Plan

language as follows:

> In order to receive benefits under the Plan, a Participant must
> actually Retire. To be considered "Retired", a Participant must
> have separated from service with all Employers and given notice to
> the Trustees of his intention to retire...

No further explanation was provided. A copy of the denial letter is attached hereto and

incorporated herein as Exhibit "C".

14.

Plaintiff then retained counsel to handle an appeal of the Western Louisiana Carpenters

Pension Trust's denial of his application for early retirement pension benefits. Pursuant to the

guidelines from the "Summary Plan Description," on December 9, 2016, Plaintiff (through his

counsel) sent a formal notice of appeal to the Western Louisiana Carpenters Pension Trust

regarding the denial of his early retirement pension benefits. A copy of the formal notice of

appeal is attached hereto and incorporated herein as Exhibit "D".

15.

On March 23, 2017, counsel for the Defendant's Board of Trustees sent a letter to

Plaintiff (through his counsel) advising that while Plaintiff is otherwise fully eligible for

unreduced early retirement pension benefits (i.e., the appeal was granted and the initial denial

was overturned) effective July 1, 2016, the pension is suspended since Plaintiff remains

employed with Sonny Bellon Building Specialties, Inc. and that employment is "Disqualifying

Employment." Specifically, Defendant's Board of Trustees found:

> Because Bellon Building Specialists (sic) does perform work
> within the Building Trades and Construction Industry, the
> Trustees, at their March 16, 2017 Board meeting, determined that a
> sales job at Bellon Building Specialists (sic) does indeed constitute

> Disqualifying Employment for an Early Retiree, as that term is defined and has been applied consistently by the Trustees, as employment in an industry covered by the Plan and for a business which is under the jurisdiction of the Union.

Defendant's Board of Trustees advised that its decision was final. A copy of this final decision letter is attached hereto and incorporated herein as Exhibit "E".

16.

However, the "Summary Plan Description" provided to Plaintiff by Defendant -- which controls over the plan language -- see *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 640 (5th Cir. 1999); *Thomas v. Metro. Life Ins. Co.*, No. 15-1733, page 8 (E.D. La., 1/6/16) -- states on page 18 under the headline, "Suspension of Benefits":

> It is the intention of the Board of Trustees to provide pension benefits for members who retire **from the trade**. A member who continues working **in the trade** and within the jurisdiction of the union is **competing for jobs with active members**, and it is not the intention of the Trustees to pay plan benefits **in this situation**.
>
> Your retirement benefits will be suspended during any month in which you work in "Disqualifying Employment."
>
> *Disqualifying Employment is employment or self-employment that is:*
>
> *(A) in an industry covered by the plan when your pension payment begins;*
> *(B) in the geographic areas covered by the plan, including areas covered by reciprocity agreements (except that there is no limit to the geographical area for work prior to your normal retirement age);* ***and***
> *(C) in any **trade** or **craft** covered by the plan.*
>
> "Disqualifying Employment" also includes any work for at least 80 hours in a month for which contributions are required to be made to the plan. (Emphasis added.)

A copy of the pertinent page from the "Summary Plan Description" is attached hereto and

incorporated herein as Exhibit "F".

17.

To be engaged in "Disqualifying Employment" according to the "Summary Plan Description", **all three of the subparts set forth in the definition of "Disqualifying Employment" therein must be satisfied.** Here all three subparts are not satisfied. Indeed, as set forth above in Paragraph 15, the final decision letter from the Defendant's Board of Trustees specifically states that it deemed Plaintiff's employment to be "Disqualifying Employment" based on satisfaction of only the first two of the three required subparts (i.e., "as employment in an industry covered by the Plan and for a business which is under the jurisdiction of the Union" as stated in the denial letter).

18.

Also, 29 USC § 1053(a)(3)(B) of ERISA provides in pertinent part:

> A right to an accrued benefit derived from employer contributions shall not be treated as forfeitable solely because the plan provides that the payment of benefits is suspended for such period as the employee is employed, subsequent to the commencement of payment of such benefits—
>
> ...
>
> (ii) in the case of a multiemployer plan, in the same industry, **in the same trade or craft**, **and** the same geographic area covered by the plan, **as when such benefits commenced**. (Emphasis added.)

19.

For the same reasons set forth hereinabove at Paragraph 17, Defendant's final decision that Plaintiff's employment in inside sales with Sonny Bellon Building Specialties, Inc., is "disqualifying employment" -- such that his fully vested and unreduced early retirement pension

benefit is suspended -- is contrary to, and in breach of, both the express language of the "Summary Plan Description" and the express language under ERISA at 29 USC § 1053(a)(3)(B).

20.

Plaintiff's work in inside sales with Sonny Bellon Building Specialties, Inc. is not a union position for which other union members are competing. Further, inside sales is not a "trade" or "craft" as those terms are generally understood or defined in context of the carpentry union. Thus, Plaintiff's employment in inside sales is not "Disqualifying Employment" and Plaintiff is entitled to receive all unreduced early retirement pension benefits as of July 1, 2016, going forward.

21.

The allegations set forth hereinabove as to Defendant constitute a violation of ERISA (29 U.S.C. § 1001 et seq.), which have caused injury to Plaintiff. Plaintiff thus brings this action against Defendant pursuant to 29 U.S.C. § 1001 et seq., including 29 U.S.C. § 1132. In addition to recovery of Plaintiff's improperly suspended and unpaid early retirement pension benefits and an order from this Honorable Court that pension benefits be paid going forward, Plaintiff is entitled to recovery of all attorney fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1).

22.

For the same reasons set forth hereinabove, Plaintiff further asserts against Defendant a claim of breach of contract under Louisiana state law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Darrell Schexnayder respectfully requests that this Court order Defendant Louisiana Carpenters Pension Fund to make whole Plaintiff by paying all unreduced

early retirement pension benefits, including both retroactive and future benefits, along with prejudgment interest in an amount to be determined at trial, all attorney fees expended in prosecuting this matter, all costs of court, and other legal or equitable relief which the Court deems necessary and proper.

**RESPECTFULLY SUBMITTED,**

**CHRISTOPHER J. GUILLORY, L.L.C.**

BY: _____s/ Christopher J. Guillory___
CHRISTOPHER J. GUILLORY (#29229)
P.O. Box 13195
Lake Charles, LA 70612-3195
Telephone:     (337) 855-2130
Facsimile:     (337) 855-2129
Email:          cjguillory@guillorylawfirm.com
**COUNSEL   FOR   PLAINTIFF   DARRELL SCHEXNAYDER**